UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| GPI, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DOUBLE D GOOSE CONTROL LLC d/b/a GEESE POLICE OF DC; DAVID S. MARCKS; DOUGLAS MARCKS; and MICHAEL GAY, <br><br> Defendants. | Civil Action No. 1:23-cv-00729-LMB-JFA |

**GPI, LLC'S BRIEF IN SUPPORT OF PARTIAL MOTION TO DISMISS**

Plaintiff GPI, LLC ("Franchisor" or "GPI") moves under Rule 12(b)(6) for dismissal of the First Counterclaim brought by Double D Goose Control LLC d/b/a Geese Police of DC ("Double D") and Douglas Marcks ("Defendant Doug," and together with Double D, the "Defendants"). The First Counterclaim is facially time-barred and should be dismissed with prejudice.

**I.   BACKGROUND**

GPI brought this action against Defendants, its former Geese Police franchisee in the Washington D.C. area, pursuant to a Franchise Agreement that was terminated when Defendants failed to cure numerous defaults after notice and opportunity to cure. GPI seeks to enforce a narrowly crafted covenant not to compete, prevent its former franchisee from engaging in unfair competition and trademark infringement, and recover royalty fees that remain due and payable from Defendants under the Franchise Agreement.

Defendants have since filed two counterclaims against GPI. In the First Counterclaim, Defendants allege a breach of the 2007 Franchise Agreement, claiming that GPI did not meet

certain in-term obligations to them regarding training, marketing, and advisory support. In the Second Counterclaim, Defendants allege unjust enrichment, claiming that GPI used some unspecified photos and text generated by Defendants in the Franchised Business at some indeterminate time without reimbursing them.

GPI now moves for dismissal of the First Counterclaim as time barred under the one-year limitations period in the Franchise Agreement, or alternatively, under either New Jersey or Virginia law. Because this flaw is not curable, dismissal with prejudice is appropriate here.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Id.* A pleading containing only "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice, however. *Id.*

## III. ARGUMENT

In the First Counterclaim, Defendants claim that GPI breached the 2007 Franchise Agreement, which, in their view, expired by its terms in December 2012 without any valid renewal. *See* Counterclaims, ¶¶ 1, 3. Defendants likewise claim – in a letter they attached to their Counterclaims – that "the relationship between the Parties ended after the term of the initial Agreement in 2012." ECF 24-1 at 1. They then conclude (again) that "your relationship with our Client – in strict accordance with the terms of the original Agreement – terminated in 2012.

Resultantly, our Client was under no obligation to GPI to perform any function or service whatsoever." *Id.* at 2.  Accepting them as true, these allegations are fatal to the First Counterclaim.[1]

Section 24.6 of the Franchise Agreement includes a one-year limitations period for claims brought by the franchisee against the Franchisor.  It states:

> Any and all claims and actions arising out of or relating to this Agreement, the relationship of Franchisee and Franchisor, or Franchisee's operation of the Franchised Business, brought by Franchisee against Franchisor, shall be commenced within one (1) year from the occurrence of the facts giving rise to such claim or action, or such claim or action shall be barred.

Compl., Ex. 5, ECF No. 13-5 at 36.[2]  Although state statutes typically allow for more time, courts routinely uphold these modified limitations periods in franchise agreements.  *JOC Inc. v. ExxonMobil Oil Corp.*, 2013 WL 12159044, *11 (D.N.J. Jan. 22, 2013) (upholding one-year limitations period in franchise agreement as neither procedurally nor substantively unconscionable).

Here, Defendants' breach of the Franchise Agreement is predicated on an alleged failure to provide in-term training, marketing, and business advice.  As Defendants repeatedly state, the Franchise Agreement "expired" in 2012, meaning they were required to bring the First Counterclaim in 2013.  And even assuming that the one-year limitations period in the Franchise Agreement does not apply, Defendants' First Counterclaim is still time-barred.  Whether Virginia or New Jersey law[3] applies, Defendants were required to bring their First Counterclaim either in

---

[1] For purposes of this motion to dismiss only, GPI accepts these allegations as true, as it must.  GPI reserves all of its rights to dispute these factual allegations as they impact its claims for relief in this lawsuit.

[2] The Court may consider these documents on a motion to dismiss because the letter and Franchise Agreement are referenced in/attached to the pleadings and integral to the dispute.  *See Chertoff Cap., LLC v. Syversen*, No. 1:20-CV-138, 2020 WL 9348159, at *2 n.2 (E.D. Va. May 28, 2020) (citing *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006)).

[3] New Jersey law applies under Section 24.1 of the Franchise Agreement, Compl., Ex. 5, ECF No. 13-5 at 35, which a choice-of-law analysis confirms, *HouseMaster SPV LLC v. Burke*, No. CV2113411MASTJB, 2022 WL

2017 or 2018 – which they did not do.  *See* N.J. Stat. § 2A:14-1 (six-year statute of limitations for any breach of contract action except for sales contracts); Va. Code § 8.01-246 (five-year statute of limitations for breach of contract actions on any contract).  On the face of their pleading, then, Defendants have not shown a valid breach of contract claim related to the 2007 Franchise Agreement, which they contend expired in 2012.  Dismissal with prejudice is appropriate.

## IV.   CONCLUSION

For the foregoing reasons, the Court should grant this Motion and dismiss the First Counterclaim with prejudice as facially time barred.

Dated:  July 31, 2023                     Respectfully submitted,

/s/ *Karima Tawfik*

Karima Tawfik, Esq.
VSB No. 96541
Attorney for GPI, LLC
Buchanan Ingersoll & Rooney PC
1700 K Street, NW, STE 300
Washington, D.C. 20006
Telephone: (202) 452-7996
Fax: (202) 452-7989
karima.tawfik@bipc.com

Gretchen L. Jankowski, Esq.
(admitted *pro hac vice*)
Matthew C. Pilsner, Esq.
(admitted *pro hac vice*)
Attorneys for GPI, LLC
Buchanan Ingersoll & Rooney PC
Union Trust Building
501 Grant Street, Suite, 200
Pittsburgh, PA 15219
Telephone:  (412) 562-8800
Fax:  (412) 562 1041
gretchen.jankowski@bipc.com
matthew.pilsner@bipc.com

---

2373874, at *5 (D.N.J. June 30, 2022) (applying New Jersey law in lieu of Virginia law to franchise dispute because Franchise Agreement stated that New Jersey law applied).

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of July 2023, a true and correct copy of the foregoing was filed with the Clerk of Court using CM/ECF, which will send a notice of electronic filing to all registered users.

/s/ Karima Tawfik

Karima Tawfik, Esq.
VSB No. 96541
Attorney for GPI, LLC
Buchanan Ingersoll & Rooney PC
1700 K Street, NW, STE 300
Washington, D.C. 20006
Telephone: (202) 452-7996
Fax: (202) 452-7989
karima.tawfik@bipc.com

Gretchen L. Jankowski, Esq.
(admitted *pro hac vice*)
Matthew C. Pilsner, Esq.
(admitted *pro hac vice*)
Attorneys for GPI, LLC
Buchanan Ingersoll & Rooney PC
Union Trust Building
501 Grant Street, Suite, 200
Pittsburgh, PA 15219
Telephone:  (412) 562-8800
Fax:  (412) 562 1041
gretchen.jankowski@bipc.com
matthew.pilsner@bipc.com